IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:06CV177-03-MU

JOEL MICHAEL CLIETT, )
)
    Plaintiff, )
)
v. )
) **O R D E R**
DONNA HARMON; CAPTAIN MOODY, )
)
    Defendants. )
)

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 on June 7, 2006 (Document No. 1.). In his Complaint, Plaintiff alleges that Captain Moody opened and read two of his outgoing legal mail letters and that Donna Harmon, an office assistant in the mail room, opened an incoming legal package without him being present.

    In response to the question on his form Complaint regarding exhaustion, Plaintiff checked the box that he had filed a grievance regarding the allegation contained in his Complaint and that he had appealed any adverse decision. However, Plaintiff then went on te state that he had not received a decision on his appeal of the adverse decision of his grievance. (Complaint at 3.). On June 15, 2006 the Court received Plaintiff's Prison Administrative Remedy Statement (Doc. No. 4). Plaintiff signed the verified statement but did not check any of the boxes regarding exhaustion. Instead he attached copies of letters in which he complained of prison staff opening his mail and also attached a copy of a grievance he dated May 12, 2006 and was stamped received by the Division of Prisons on May 17, 2006. However, there was no response to this

grievance nor indication that Plaintiff appealed any adverse decision.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. <u>Johnson v. Jones</u>, 340 F.3d 624 (8th Cir. 2003).

In his Complaint, Plaintiff concedes that, at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies as he had not received a decision on his appeal of his grievance. It appears that Plaintiff filed a grievance regarding the allegations contained in his Complaint prior to filing this lawsuit. (See Exhibits to Plaintiff's Complaint). However, Plaintiff concedes that has not yet exhausted the administrative remedy process at his institution because he had not received a decision of his appeal of his grievance.[1] Therefore, Plaintiff

---

[1] Plaintiff contends that he has not received a decision regarding his appeal "because Lt. Baker over lock up keeps saying that she's not received any grievances from me but one and she doesn't know where it is at." (Plaintiff's Complaint at 3.) The Court notes that Mountain View has an obligation to respond to grievances filed by inmates and to follow procedures for each step of the grievance process. The Court requests that the Superintendent at Mountain View Correctional take action to assure that Plaintiff's grievance[s] regarding his legal mail was and is appropriately handled by the staff at Mountain View Correctional throughout the three step

cannot satisfy the complete exhaustion requirement of the PLRA prior to filing a Complaint. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear that Plaintiff has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Complaint is dismissed without prejudice for failing to <u>fully</u> exhaust his administrative remedies prior to filing his Complaint.

2) The Clerk is directed to send a copy of this Order to the Superintendent of Mountain View Correction Institution.

**SO ORDERED**.

Signed: June 19, 2006

Graham C. Mullen
United States District Judge

---

grievance process.